IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY CIOLLI                           :        CIVIL ACTION
                                         :
      v.                                 :
                                         :
                                         :
HEIDE IRAVANI, et al.                    :        NO. 2:08-cv-02601
                                         :

Legrome D. Davis, J                                    September 23, 2008

MEMORANDUM

AND NOW, this 23rd day of September 2008, upon consideration of the Motion of Defendants Keker & Van Nest LLP, Mark Lemley, David Rosen, Rosen & Associates, P.C., Ross Chanin, and Reputation Defender, Inc., for Stay of this Matter (Doc. No. 16), Plaintiff's Response in Opposition (Doc. No. 18), and the Reply of the above-named Defendants (Doc. No. 21), it is hereby ORDERED that the Motion is DENIED.

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

From August 2004 to May 2007, plaintiff Anthony Ciolli was enrolled at the University of Pennsylvania Law School. While in law school, plaintiff was involved in the administration of the AutoAdmit website, an Internet discussion board for the exchange of information on higher education institutions. Despite AutoAdmit's self-described status as "[t]he most prestigious law school discussion board in the world," the website is frequently a forum for gossip of an offensive nature. (See Defs.' Reply Supp. Mot. Stay, Ex. C, ¶ 8.)

1

Beginning in 2005, pseudonymous visitors to the AutoAdmit website began to make several sexually explicit posts about defendant Brittan Heller ("Heller"), a female student at Yale Law School.  In 2007, defendant Heide Iravani ("Iravani"), another female student at Yale Law, was the subject of similar posts on AutoAdmit and was also listed on T14 Talent, a website designed to rate the attractiveness of women from the top fourteen law schools in the country.  When defendants Heller and Iravani failed to cause the removal of these posts from the Internet, they retained defendant Mark Lemley ("Lemley") of the law firm of defendant Keker & Van Nest LLP and defendant David Rosen ("Rosen") of the law firm of defendant Rosen & Associates, P.C., and hired defendant Ross Chanin ("Chanin") of the public relations firm of defendant Reputation Defender, Inc.

On June 8, 2007, defendants Heller and Iravani filed a lawsuit in the United States District Court for the District of Connecticut (the "Connecticut Litigation")[1] against plaintiff Ciolli and 28 pseudonymous individuals for harassing comments made about them in posts to the AutoAdmit and T14 Talent websites.  Following an investigation into the identity of the pseudonymous posters, defendants Heller and Iravani amended their complaint, removing plaintiff Ciolli and naming additional pseudonymous defendants, on November 8, 2007.  (See Defs.' Reply Supp. Mot. Stay, Ex. C.)  This First Amended Complaint in the Connecticut Litigation pleads the following causes of action: copyright infringement, appropriation of

---

[1] Doe I and Doe II v. Individuals Whose True Names Are Unknown, United States District Court for the District of Connecticut, Civ. No. 07-0909.

another's name or likeness, unreasonable publicity given to another's life, publicity that places another in a false light before the public, intentional infliction of emotional distress, negligent infliction of emotional distress, and libel.  (Id. ¶¶ 67-99.)

Following his dismissal from the Connecticut Litigation, plaintiff brought the instant action in the Court of Common Pleas of Philadelphia County on March 5, 2008.  Defendants removed to this Court on June 3, 2008 on diversity grounds.  The Complaint alleges wrongful initiation of civil proceedings and abuse of process claims against defendants Heller, Iravani, Lemley, Keker & Van Nest LLP, Rosen, and Rosen & Associates, P.C., libel, slander, publicity placing plaintiff in false light, and tortious interference with contractual relations against defendants Heller, Iravani, Chanin, and Reputation Defender, Inc., and unauthorized use of name or likeness and publicity placing plaintiff in a false light against defendant T14 Talent.  (Compl. ¶¶ 156-218.)  On July 2, 2008, defendants Lemley, Keker & Van Nest LLP, Rosen, Rosen & Associates, P.C., Chanin, and Reputation Defender, Inc., moved to stay the action in this Court pending the conclusion of the Connecticut Litigation.

II.	DISCUSSION

Although "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," the exercise of this power calls for "judgment, which must weigh competing interests and maintain an even balance."  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936); see also Cheyney State Coll. Faculty v. Hufstedler, 703 F.2d 732, 737-38 (3d Cir. 1983).

Thus, in deciding a motion to stay proceedings pending the resolution of another action in federal court, a court should look at three factors: (1) the promotion of judicial economy; (2) the balance of harm to the parties; and (3) the duration of the requested stay.  SmithKline Beecham Corp. v. Apotex Corp., No. 99-CV-4304, 2004 U.S. Dist. LEXIS 13907, at *23-24 (E.D. Pa. Jul. 16, 2004).  We conclude that analysis using these factors does not support the granting of a stay.

    1.    The Promotion of Judicial Economy

The proponents of the stay assert that plaintiff Ciolli's "factual allegations, and the discovery that will be necessary to prove his case, necessarily turn on the acts" of the defendants in the Connecticut Litigation.  (Defs.' Mem. Law Supp. Mot. Stay, 5.)  Thus, the proponents argue that "the overlapping nature of these two suits creates the substantial potential for redundancy of use of litigant and courts resources, and inconsistent adjudication of issues."  (Id.)  We disagree.

The plaintiffs in the Connecticut Litigation seek redress for the alleged harms caused to Heller and Iravani by the pseudonymous posters, none of whom constitute plaintiff Ciolli.  In contrast, plaintiff Ciolli in the present matter seeks redress for the actions taken by defendants Heller and Iravani, and their agents, in response to the posts to AutoAdmit and T14 Talent.  Thus, although both the Connecticut Litigation and the instant action certainly derive from the sexually explicit posts to the AutoAdmit and T14 Talent websites, the two lawsuits involve different parties, different sets of specific facts, different causes of action, and different issues of law.  Because of these many differences, we do not believe that duplicative discovery, waste of

judicial resources, and inconsistent adjudication will result without a stay.

The proponents of the motion describe the overlap of issues between the cases as "sufficient and substantial," but only offer examples of this overlap in two of plaintiff's eight claims. (Defs.' Reply Supp. Mot. Stay, 4.) Specifically, they assert that a central part of plaintiff's wrongful initiation of civil proceedings and abuse of process claims will be whether defendants Heller and Iravani had a "factual or legal basis on which to claim liability." (Id.) To be sure, the Connecticut Litigation could inform this Court of the overall reasonableness of defendants' belief in the facts underlying the suit against the pseudonymous posters. However, because plaintiff is no longer a party in the Connecticut Litigation, those proceedings will no longer have any bearing on whether defendants reasonably brought suit against plaintiff Ciolli.

It should be noted that the Connecticut Litigation is not wholly irrelevant to the instant action. Plaintiff Ciolli does allege in his complaint that, even if defendants possessed a good faith belief that plaintiff had posted to AutoAdmit and T14 Talent, the defendants still would not have had a valid cause of action against him, thereby bringing into dispute the theories of relief asserted against the pseudonymous posters in the Connecticut Litigation. (Compl. ¶¶ 161-62, 164-65.) But these allegations relating to the invalidity of defendants' causes of action in the Connecticut Litigation are not the central theme of plaintiff's claims for wrongful initiation of civil proceedings and abuse of process. The bulk of the allegations in those claims assert that defendants knew that plaintiff himself never posted to these websites, and any result of the Connecticut Litigation will not address such assertions. Thus, although there may be some

similar issues in both the Connecticut Litigation and the instant action, this overlap involves only a few allegations in only two of plaintiff's eight causes of action against only some of the defendants.  We do not find that these issues alone justify a stay in this case.

    2.       The Balance of Harm to the Parties

The proponents of the motion assert that a stay would neither prejudice nor cause any harm to plaintiff Ciolli.  (Defs.' Mem. Law Supp. Mot. Stay, 8.)  We disagree.  Any stay in this matter would delay plaintiff's recovery, thereby perpetuating alleged falsehoods about the plaintiff, burdening plaintiff's ability to seek employment, and temporarily withholding any monetary relief to which plaintiff may be entitled.  Further, any delay in litigation will have a subsequent effect on plaintiff's ability to gather evidence as the passage of time inevitably impacts the availability of physical evidence and the sharpness of witness memories.  The stay therefore has the potential to cause much harm to plaintiff.

In contrast, it is difficult to see how the proponents of the motion will suffer more harm if we deny the stay than plaintiff will suffer if we grant the stay.  The proponents of the motion assert that "it is a significant burden to ask [defendants Heller and Iravani and their attorneys] to attempt to redress the harm done to [defendants Heller and Iravani] at the same time they are defending against allegations that these attempts were wrongful with regard to [plaintiff]."  (Id. at 9.)  Specifically, defendants Lemley, Keker & Van Nest LLP, Rosen, and Rosen & Associates, P.C., express concern over their ability to simultaneously play the roles of counsel in the Connecticut Litigation and co-defendant in the action before this Court.  (Id.)  Although it is

certainly true that involvement in two pieces of litigation is more burdensome than involvement in one, we do not agree that this inconvenience creates, on balance, harm to defendants that outweighs the harm to plaintiff that would result from a stay. Furthermore, while the instant action may indeed create potential conflicts between defendants Heller and Iravani and their attorneys, these conflicts will persist throughout the Connecticut Litigation whether this action is stayed or not. Thus, the balance of harm does not support the grant of a stay.

    3.    Duration of the Requested Stay

At this moment, the answers to the complaint have yet to be filed in the Connecticut Litigation, and indeed, many pseudonymous defendants are still being identified. Thus that action is not close to its conclusion. While we do not agree that the proposed stay is indefinite, it is clear that it will not be of short duration. The inevitably long length of the stay weighs against granting the motion.

III.    CONCLUSION

None of the above three factors support a stay of this matter. Accordingly, the Motion of Defendants Keker & Van Nest LLP, Mark Lemley, David Rosen, Rosen & Associates, P.C., Ross Chanin, and Reputation Defender, Inc., for Stay of this Matter (Doc. No. 16) is DENIED. An appropriate order follows.