## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ANTHONY CIOLLI, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 08-2601-LDD |
| HEIDE IRAVANI, ET AL. | : | |
| | : | |
| Defendants. | : | |

## PLAINTIFF ANTHONY CIOLLI'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANTS DAVID ROSEN AND
## ROSEN & ASSOCIATES' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants David Rosen and Rosen & Associates (collectively referred to herein as "Rosen") have filed a motion asking the Court to dismiss Ciolli's claims against them for wrongful initiation of civil proceedings on the grounds that Ciolli did not file an affidavit of merit with respect to those claims. Ciolli submits this memorandum of law in opposition to Rosen's motion.

## ARGUMENT

The Court is by now well acquainted with the factual background of this matter generally. The particular facts pertinent to Rosen's motion are not in dispute. Ciolli filed his complaint in the Court of Common Pleas of Philadelphia County on or around March 5, 2008. In May of 2008, certain of the defendants, including Rosen, removed the case to this Court. Since that time the parties have engaged in extensive motion practice,

including motions to stay the proceedings, to dismiss on jurisdictional grounds and, in Rosen's case, to dismiss for failure to state a claim. None of the parties, including Rosen, raised the affidavit of merit issue at the time the case was filed, nor did they raise the issue in their motions to dismiss, which were extensively briefed. Only now, more than 18 months after Ciolli filed his complaint and more than a year after the removal of the case to this Court, does Rosen raise the affidavit of merit issue. Ciolli does not dispute that he did not file an affidavit of merit with respect to his wrongful initiation of civil proceedings claims.

The sole issue for resolution on the current motion is whether Ciolli's not having filed an affidavit of merit warrants dismissal of his remaining claims against Rosen pursuant to Rule 1024.3 of the Pennsylvania Rules of Civil Procedure. Ciolli respectfully submits that the affidavit of merit requirement does not apply to his claims against Rosen, and that the Court should deny Rosen's motion with prejudice.

It is of course abundantly clear why Rosen has so belatedly raised this issue. Rosen cites not a single decision from a Pennsylvania appellate court, or from the Third Circuit, for that matter, imposing the affidavit of merit requirement in the context of a claim for wrongful initiation of civil proceedings. The <u>only</u> case that Rosen cites for this proposition is an opinion, issued in June of this year, from the Western District of Pennsylvania, in which the district court found the affidavit of merit provision applicable to a claim under Pennsylvania's Dragonetti Act. <u>See</u> <u>Chizmar v. Borough of</u>

Trafford, No. 09-cv-00188, 2009 WL 1743687 (W.D. Pa. June 18, 2009). As the court in

Chizmar in fact noted, there are no decisions from Pennsylvania's appellate courts that

accept the proposition that Rule 1024.3 applies to such claims. Id. at *3. The Western

District nonetheless applied the affidavit of merit requirement, reasoning that a

wrongful initiation claim is akin to a professional liability claim, to which the provisions

of Rule 1024.3 explicitly apply, in that claims for wrongful initiation involve a

determination as to whether the attorney defendant failed to comply with a

professional standard of conduct. Id. at **3-4. On the thin reed of this single trial court

opinion, Rosen asks this Court to apply a novel interpretation of Pennsylvania's

affidavit of merit rule, in the complete absence of guidance from either Pennsylvania's

appellate courts or the Third Circuit, and to dismiss Ciolli's claims based upon a case

decided more than a year after the filing of the complaint.[1] Ciolli respectfully submits

that the Court should decline Rosen's request to do so.

As the Western District noted in Chizmar, not a single Pennsylvania appellate

court has as yet adopted the rule that the court propounded in that case. Ciolli

respectfully submits that the application of a the provisions of Rule 1024.3 of

Pennsylvania's Rules of Civil Procedure in a manner not endorsed by a single

---

[1] That the Western District's ruling in Chizmar represents a novel interpretation of
Pennsylvania law is underscored by the fact that none of the Defendants herein,
including Rosen, thought to even raise the issue until Chizmar case was decided, more
than 18 months after Ciolli filed his complaint.

Pennsylvania court is improper in the absence of any guidance from either

Pennsylvania's appellate courts or the Third Circuit.

Ciolli further submits that, on the substantive issue of whether the courts should

require an affidavit of merit in claims under the Dragonetti Act for either wrongful

initiation or abuse of process, the <u>Chizmar</u> case was incorrectly decided. Rule 1024.3

does not, on its face, apply to either abuse of process or wrongful initiation claims. Its

scope is limited, rather, to claims based upon "an allegation that a licensed professional

deviated from an acceptable <u>professional standard</u>." Pa. R. Civ. P. 1024.3(a) (emphasis

added).  The resolution of the substantive issue thus turns on whether a claim against

an attorney is a claim for violation of a "professional standard."

As noted above, the Western District concluded that claims for wrongful

initiation or abuse of process fall within the affidavit of merit requirement because they

involve a determination as to whether the attorney defendant failed to comply with a

professional standard of conduct. The Chizmar analysis ignores, however, that a claim

for wrongful initiation can be asserted not only against the attorney bringing the

underlying claim, but against the attorney's client as well.  A claim for wrongful

initiation asserts <u>not</u> that the attorney failed to perform competently, but that he or she

acted without probable cause and for an improper purpose. The Dragonetti Act does

not draw any distinction between claims asserted against attorneys and those asserted

against the clients in the underlying case – the elements of the claim are the same

regardless of the identity of the defendant. <u>See</u> 42 Pa. C.S.A. § 8354. It is difficult to see how a wrongful initiation claim involves whether the attorney defendant breached a professional standard of conduct when the same standard applies in determining the client's liability. The very essence of a claim for professional liability is that the professional failed to satisfy a standard unique to the profession. Claims for wrongful initiation plainly do not qualify. The Court should, therefore, refuse to follow <u>Chizmar</u> in imposing an affidavit of merit requirement with respect to Ciolli's claims against Rosen.[2]

---

[2] Ciolli respectfully requests that, should the Court be inclined to follow <u>Chizmar</u> and apply the affidavit of merit requirement in this case, he be permitted a period of 30 days within which to submit such an affidavit. Such permission is especially appropriate in this case, where there exists no authority from Pennsylvania's appellate courts, the Third Circuit, or this Court previously recognizing such a requirement.

## CONCLUSION

For the foregoing reasons, Plaintiff Anthony Ciolli respectfully requests that the

Court enter an Order denying Defendants David Rosen and Rosen & Associates'

Motion for Judgment on the Pleadings.

Respectfully submitted,

THE JAKUBIK LAW FIRM

BY: /s/ Mark E. Jakubik
Mark E. Jakubik
7715 Crittenden Street, Suite 350
Philadelphia, PA 19118
(215) 242-4756
Email: mjakubik3@comcast.net

Attorney for Plaintiff
Anthony Ciolli

Date: October 13, 2009